UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELTON LOVE and BRIGHT IDEAL CONSTRUCTION COMPANY, | § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-2228-B |
| | § | |
| CHICAGO TITLE INSURANCE COMPANY, et al., | § § § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Fidelity National Title Agency, Inc.'s Motion to Dismiss for Failure to State a Claim (doc. 16). Having considered the Motion and the filings in this case, the Court finds that it should be and hereby is **DENIED**.

### I.

### BACKGROUND

This action arises out of a title insurance dispute between Plaintiff Felton Love ("Love"), Defendant Fidelity National Title Agency, Inc. ("Fidelity"), and Defendant Chicago Title Insurance Company ("Chicago Title"). Plaintiff Felton Love ("Love") purchased a home located at 2912 Gay Street, Dallas, Texas 75210 (the "Property"). (Pl.'s First Am. Compl. ¶¶ 9-10). Love purchased a title insurance policy from Fidelity in connection with his purchase of the Property. (*Id.*). Shortly after the purchase, Love hired Plaintiff Bright Ideal Construction Company ("Bright") to complete renovations on the Property totaling approximately $27,000. (*Id.* at ¶ 11). Love alleges that upon completion of the renovations, the Property was extensively damaged by vandals. (*Id.*). According

-1-

to Love, at approximately this same time, Chicago Title began interfering with Love's right to use the Property by evicting Love's tenant and threatening trespassing charges, claiming that it was the rightful owner. (*Id.*). Love submitted a claim to his property insurer, an unnamed non-party, to recover the costs of damage to the Property. The property insurer denied the claim as a result of Chicago Title's interference causing Love to submit a claim to Fidelity for damages suffered as a result of the title dispute. Love alleges that the title policy issued by Fidelity was in full effect at the relevant time, and that the losses suffered as a result of the title dispute are covered by the policy. (*Id.* at ¶ 12).

Love filed this action on October 18, 2010 in the 192nd Judicial District Court of Dallas County, Texas. Defendant Chicago Title removed the suit to this Court on November 4, 2010. On May 10, 2011, Love filed his First Amended Original Complaint ("Complaint") asserting numerous state law claims against Chicago Title and a breach of contract claim against Fidelity. On May 17, 2011, Fidelity filed the instant Motion to Dismiss.

## II.

## LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205

(5th Cir. 2004) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. — , —, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### III.

### ANALYSIS

In its Motion to Dismiss, Fidelity argues that Love fails to plead a factual basis to support each element of his breach of contract claim. (Def.'s Mot. Dismiss ¶¶ 1-2, 4). In Texas, the essential elements of breach of contract are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages

sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l*, LLC, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, reh'g overruled)). While a complaint need not contain detailed factual allegations as to each element of a plaintiff's claim, it must contain enough factual support "to raise a reasonable expectation that discovery will reveal evidence of each element" of the plaintiff's cause of action. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 256 (5th Cir. 2009). Fidelity does not dispute that Love has pled sufficient facts as to three of the four elements required to prove a breach of contract claim. Specifically, Fidelity does not dispute that Love has sufficiently pled the existence of a valid contract, breach of that contract, and damages resulting from the breach. (*See* Def.'s Mot. Dismiss ¶2). Instead, Fidelity only takes issue with whether Love has pled sufficient facts to establish that he performed his obligations under the contract. (*Id.*). The Court finds that Love has satisfied his pleading obligations.

Love's Complaint alleges that Love purchased the title policy from Fidelity, and that it was "in full force and effect at the time of the loss." (Pl.'s First Am. Compl. ¶ 12). Additionally, Love's Complaint states that he submitted a claim under the policy, and that the type of loss incurred was covered by the policy. (*Id.*) Based on this set of facts, it is plausible that Love performed his obligations under the contract by paying for the policy and submitting a claim in accordance with its terms.

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** Fidelity's Motion to Dismiss with respect to the breach of contract claim.

SO ORDERED

SIGNED July 27, 2011

                                              _____
                                              JANE J. BOYLE
                                              UNITED STATES DISTRICT JUDGE